THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 006270
OLSON, CANNON, GORMLEY
ANGULO & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Telephone: (702) 384-4012
Facsimile: (702) 383-0701
tdillard@ocgas.com
Attorney for Defendants LVMPD
Officer Maurice Rodriguez-Gellar and
Officer Johnathon Ankeny
("LVMPD Defendants")

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| MARILYN PARVER, <br><br> Plaintiff, <br><br> vs. <br><br> JET BLUE AIRLINES CORPORATION; CITY OF LAS VEGAS; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; OFFICER MAURICE RODRIGUEZ-GALLAR of the City of Las Vegas, OFFICER JOHNATHON ANKENY of the City of Las Vegas; FAWN DOE, of Jet Blue Airlines Flight No. 129; JOHN DOE, of Jet Blue Airlines Flight No. 129; DISPATCHER DOE of Jet Blue; A LAS VEGAS AIRPORT AGENT of Jet Blue Airport Agent. <br><br> Defendants. | CASE NO.: 2:10cv1186-GMN-PAL |

## ORDER GRANTING THE LVMPD DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

The LVMPD Defendants' Motion for Summary Judgment [#41] having come on its appointed scheduled time for hearing on the 27th day of September, 2013, the Honorable Judge Gloria M. Navarro presiding, Plaintiff appearing by and through her attorney, WILLIAM HELFAND and the LVMPD Defendants, appearing by and through their attorney, THOMAS D. DILLARD, JR., and the Court having read and considered all of the papers and pleadings on file including the LVMPD Defendants' Renewed Motion for Summary Judgment [#41], Plaintiff's

Opposition thereto [# 44] and the LVMPD Defendants' Reply [#48], as well as Plaintiff's additional responses [#54 & 65] the Court having heard the arguments of counsel and being fully advised in the premises, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that the LVMPD Defendants' Motion for Partial Summary Judgment, is hereby granted in full upon the foregoing procedural background, findings of fact and conclusions of law.

## I.

## PROCEDURAL BACKGROUND

1. Plaintiff filed suit on September 10, 2010 against Defendants LVMPD, Officer Ankeny and Officer Rodriquez-Gallar and alleged both federal and state law claims for relief. Plaintiff's claims arise from an incident on July 26, 2008 beginning during a Jet Blue Airlines flight from New York to Las Vegas. Plaintiff was arrested briefly by Officer Ankeny as a result of her conduct after the flight landed at McCarran International Airport in violating an airport ordinance but subsequently released without citation as a matter of Officer Ankeny's discretion. Plaintiff alleged she was falsely arrested and subjected to excessive use of force. She further alleged LVMPD officers conspired with Jet Blue employees to violate her rights. In doing so, she has alleged the following claims for relief: (1) 42 U.S.C. § 1983 claims against all Defendants for violating her Fourth Amendment rights; (2) false arrest and false imprisonment; (3) common law conspiracy; and (4) negligence. Plaintiff's Section 1983 claims allege the LVMPD Defendants arrested Plaintiff without probable cause and used unreasonable force. Plaintiff brought claims against the two officers in their individual capacity and a claim against LVMPD predicated upon an alleged unconstitutional policy or practice.

2. The LVMPD Defendants moved for summary judgment on all claims alleged against them except the claim against Officer Ankeny in his individual capacity for alleged use of excessive force pursuant to 42 U.S.C. § 1983. Officers Ankeny and Rodriquez-Gallar also asserted the defense of qualified immunity and discretionary immunity pursuant to NRS 41.032. Officer Rodriquez-Gallar further seeks summary judgment on the basis that he had no personal involvement in Plaintiff's allegations that she was unreasonably seized.

## II.

## **FINDINGS OF FACT**

1. On July 26, 2008, the Captain of the JetBlue Flight 195 made a call to the tower in Las Vegas alerting them that they had a passenger on board, that was possibly intoxicated, taking security sensitive pictures and not following flight crew instructions. This information was then provided to LVMPD Officers Ankeny and Rodriquez-Gallar approximately 30 minutes before the scheduled landing of the flight.

2. Officers Ankeny and Rodriguez-Gallar greeted one of the flight crew after the door was opened and she pointed Plaintiff out to them. They then walked down the aisle way and then escorted Plaintiff off the plane and across the terminal to an adjacent gate area to speak to Plaintiff further and conduct an investigation.

3. Plaintiff identified herself and explained the circumstances involving her use of her digital camera during the flight. The officers then viewed the pictures from the camera viewer. They saw no security problem with the pictures. Officer Ankeny then explained to her that no criminal act has occurred and the officers were finished with their business. The officers smelled alcohol from her but did not believe it gave rise to a concern due to her intoxication level. Officer Ankeny told her if she had a problem with JetBlue she could take it up with them and their office is in the baggage area. Plaintiff however became upset and she stated she wanted a written report of the whole incident.

4. The officers reiterated to her that there was no crime to report and so no report to write and give to her. They told her she was again free to go and invited her please to do so. Plaintiff did not do so and made adamant demands. .Officer Ankeny told her she needed to now leave because she was causing a disturbance, using foul language and attracting the attention of other bystanders. He warned her if she continued her behavior that she would be arrested. Officer Rodriquez-Gallar begged her to leave and told her she did nothing wrong. Plaintiff disregarded the warning, remained loud and told the officers to arrest her because she was not leaving. Officer Ankeny then walked up to her, told her to place her arms behind her back, which she did, and placed her in handcuffs. (Ex. "D" pp. 38-39); (Ex. "E" pp. 32-33, 44). He placed her under

arrest for failure to follow the Airport rule for disturbing the peace.

5. Officer Ankeny then escorted her down the jet-way, down the stairs to the tarmac where he had parked his assigned police truck. Officer Ankeny drove her to the LVMPD Airport Substation. Officer Ankeny took her inside and had her sit on a bench and secured the cuffs to a hook on the bench. Plaintiff had told Officer Ankeny that her husband was coming to pick her up. Officer Ankeny was then able to make contact with Mr. Michael Parver and directed him to their location. Mr. Parver came to the substation and Officer Ankeny explained to him the situation. Officer Ankeny at that point exercised his discretion to un-arrest her. Plaintiff was then released to the custody of her husband and the two of them left together.

6. The Court finds Plaintiff was being loud and boisterous in a matter garnering the attention of uninvolved persons in a secured area of the airport. The Court further finds Plaintiff refused a lawful order to depart the area and take up her concerns with the business office of JetBlue Airlines located in the baggage area. Plaintiff admits she would not leave but rather made a demand of the police to place her under arrest in an apparent effort to make clear she was adamant about the officers somehow resolving her apparent dissatisfaction with JetBlue.

7. The Court finds the initial limited seizure of Plaintiff was based upon reasonable articulable suspicion and the ultimate arrest for Plaintiff's conduct in the terminal was supported by probable cause, or at least, arguable probable cause.

8. The Court finds Officer Rodriquez-Gallar did not place Plaintiff under arrest and there is no evidence suggesting he used unreasonable force on Plaintiff.

9. The Court finds no evidence in the record suggesting the LVMPD policy making official enacted a policy or custom, through deliberate indifference to Plaintiff's rights, directly causing her to be deprived of her Fourth Amendment rights.

10. The Court further finds that there is also no evidence in the record suggesting any LVMPD officer reached a conspiratorial objective with a JetBlue Airlines employee and thereby caused Plaintiff to be deprived of any rights. In fact, the undisputed evidence was the officers did not believe Plaintiff committed any crime for using her camera on the plane and ultimately arrested her, albeit temporarily, for what she did once she got off the plane.

11. The Court additionally finds the officers alleged conduct in the manner they conducted the investigation and gave Plaintiff a lawful order to leave the secured area of the airport involved their own personal deliberation and their decision making and course of conduct implicates important public policy issues involving airport safety and security.

## III.

## CONCLUSIONS OF LAW

1. Officer Ankeny had reasonable suspicion to escort Plaintiff from the plane, and subsequent to his discussion with her in the terminal area, he also had probable cause to place Plaintiff under arrest for violating Clark County Code20.04.070(a)("No person shall use abusive, insulting, obscene, loud, boisterous or indecent language, obstruct or render dangerous any drive, path, walk or public place upon the airport."). He further has qualified immunity because he did not act objectively unreasonable in light of well established law in seizing Plaintiff. The arrest was based upon colorable or arguable probable cause that a crime was committed in Officer Ankeny's presence. Therefore, Officer Ankeny is entitled to summary judgment for Plaintiff's § 1983 claim against him in his individual capacity for unreasonably seizing Plaintiff prior to placing her under arrest and for the basis for the arrest. Plaintiff's § 1983 claims based upon violations of the Fourth Amendment, save the individual claim against Officer Ankeny for alleged excessive use of force, are dismissed with prejudice.

2. Officer Rodriquez-Gallar also did not personally subject Plaintiff to any unreasonable seizure and is therefore entitled to summary judgment on all claims for relief against him. He is thus dismissed from the case with prejudice. Officer Rodriquez-Gallar also is entitled to summary judgment on the independent basis of qualified immunity for all Section 1983 claims as well.

3. LVMPD is entitled to summary judgment for all of Plaintiff's Section 1983 claims against it predicated under a <u>Monell v. Dept. of Social Service</u>, 463 U.S. 658 (1978) theory.

4. Plaintiff's state law claims for false arrest and false imprisonment cannot resist summary judgment because her seizure was supported by probable cause. These claims for relief are dismissed with prejudice.

5. The civil conspiracy claim also is dismissed with prejudice, upon summary judgment review, due to inadequate evidence in the record to support any of the elements of the tort.

6. Summary judgment is also warranted for Plaintiff's negligence claim and this claim will be dismissed with prejudice as well. The LVMPD Defendants did not breach any legal duty of care owed to Plaintiff in the manner they conducted their investigation and gave her repeated instructions to depart the area. Furthermore, they are entitled to discretionary immunity pursuant to 41.032 for the allegations made in support of the negligence claim.

**DATED** this 17th day of October, 2013.

_____
Gloria M. Navarro
United States District Judge

Submitted by:

OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI

By_____
THOMAS D. DILLARD, ESQ.
Nevada Bar No. 006270
Attorney for the LVMPD Defendants
9950 West Cheyenne Ave.
Las Vegas, Nevada 89129