D. Lee Roberts, Jr. Esq.
Nevada Bar No. 8877
lroberts@wwhgd.com
Carol P. Michel, Esq.
Nevada Bar No. 11420
cmichel@wwhgd.com
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 0938-3864

*Attorneys for Defendant*
*JetBlue Airways Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MARILYN PARVER,<br><br>Plaintiff,<br><br>vs.<br><br>JET BLUE AIRLINES CORPORATION; CITY OF LAS VEGAS; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; OFFICER MAURICE RODRIGUEZ-GALLAR OF THE CITY OF LAS VEGAS; OFFICER JOHNATHAN ANKENY OF THE CITY OF LAS VEGAS; FAWN DOE, OF JET BLUE AIRLINES FLIGHT NO. 129; CAPTAIN DOE OF JET BLUE AIRLINES FLIGHT NO. 129; DISPATCHER DOE OF JET BLUE AND AGENT DOE, A LAS VEGAS AIRPORT AGENT OF JET BLUE AIRPORT AGENT,<br><br>Defendants. | CASE NO. 2:10-CV-01186-GMN-RJJ |

**<u>ORDER GRANTING DEFENDANT JETBLUE AIRWAYS CORPORATION'S MOTION TO LIMIT THE TESTIMONY OF PLAINTIFF'S EXPERT, THOMAS STREED, Ph.D.</u>**

On September 27, 2013, a hearing was held in which this Court considered Defendant JetBlue Airways Corporation's (incorrectly named as Jet Blue Airlines Corporation in caption) Motion to limit the testimony of Plaintiff's expert, Thomas Streed, Ph.D. (Document #39).

William Helfand, Esq. appeared on behalf of Plaintiff, Thomas Dillard, Esq. appeared on behalf of

1 Las Vegas Metropolitan Police Department, et al., and Carol Michel, Esq. appeared on behalf of
2 JetBlue Airways Corporation ("JetBlue").

3 In its Motion, JetBlue contends that the testimony of Plaintiff's expert, Thomas Streed, Ph.D., should be limited because he has no training, experience or special knowledge concerning the procedures or rules and regulations that govern aboard an in-flight aircraft. JetBlue also argues that Mr. Streed's opinions included in his report regarding the actions of JetBlue are based on nothing other than his subjective, personal experiences in police procedure and tactics, which are not sufficient to qualify him as an expert in every issue relevant in this matter. Consequently, JetBlue argues that Mr. Streed should not be permitted to opine regarding the actions any of the JetBlue employees took during the alleged incident with Plaintiff. JetBlue specifically identified those opinions of Mr. Streed about JetBlue and its employees it seeks to preclude in Exhibit 10 to its Motion.

13 Plaintiff's position is that JetBlue's request to limit Mr. Streed's testimony is too broad. Plaintiff represents that she has no intention to elicit opinions from Mr. Streed regarding flight operations, Federal Aviation Administration regulations or other anything else regarding airline operations. Plaintiff contends, however, that Mr. Streed's testimony in its entirety is necessary because of JetBlue's alleged actions under color of law of the state and alleged willful participation with the officers.

19 Having carefully considered the facts of this case, the current state of the evidence, all the pleadings and papers on file, all submissions of the parties and the oral arguments presented by counsel at the hearing, all of which are expressly incorporated herein, the Court **FINDS**:

22 Mr. Streed, has no training, experience or special knowledge concerning the aviation procedures, rules and regulations that govern an in-flight aircraft. He also has no training, experience or special knowledge regarding the education, training or supervision of flight crew or cabin personnel including the pilots and flight attendants. He has not worked for, consulted for or been an expert for any commercial airline or agency associated with air transportation. Thus, Mr. Streed is not permitted to opine regarding the actions any of the JetBlue employees took during the alleged incident with Plaintiff. He is also not permitted to testify in regard to training or

supervision of the pilots or flight attendants.

Additionally, all of Mr. Streed's opinions regarding the credibility of any of the JetBlue crewmembers are prohibited because credibility should be left for the jury to decide after hearing all of the relevant evidence.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant JetBlue Airways Corporation's Motion to limit the testimony of Plaintiff's expert, Thomas Streed, Ph.D. is **GRANTED.** Thomas Streed, Ph.D.'s stated qualifications and experience do not sufficiently support the opinions he has presented in his provided report, therefore, all opinions of Mr. Streed regarding JetBlue, including those set forth in Exhibit 10 to JetBlue's Motion, are excluded.

**IT IS SO ORDERED** this 17th day of October, 2013.

_____
Gloria M. Navarro
United States District Judge

Submitted by:

/s/ Carol P. Michel
D. Lee Roberts, Jr. Esq.
Nevada Bar No. 8877
Carol P. Michel, Esq.
Nevada Bar No. 11420
Weinberg, Wheeler, Hudgins,
   Gunn & Dial, LLC
6385 S. Rainbow Blvd. Suite 400
Las Vegas, NV  89118
Telephone:  (702) 938-3838
Facsimile:  (702) 938-3864

*Attorneys for Defendant*
*JetBlue Airways Corporation*