D. Lee Roberts, Jr. Esq.
Nevada Bar No. 8877
lroberts@wwhgd.com
Carol P. Michel, Esq.
Nevada Bar No. 11420
cmichel@wwhgd.com
WEINBERG, WHEELER, HUDGINS,
    GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
Facsimile: (702) 0938-3864

*Attorneys for Defendant
JetBlue Airways Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MARILYN PARVER,<br><br>Plaintiff,<br><br>vs.<br><br>JET BLUE AIRLINES CORPORATION; CITY OF LAS VEGAS; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; OFFICER MAURICE RODRIGUEZ-GALLAR OF THE CITY OF LAS VEGAS; OFFICER JOHNATHAN ANKENY OF THE CITY OF LAS VEGAS; FAWN DOE, OF JET BLUE AIRLINES FLIGHT NO. 129; CAPTAIN DOE OF JET BLUE AIRLINES FLIGHT NO. 129; DISPATCHER DOE OF JET BLUE AND AGENT DOE, A LAS VEGAS AIRPORT AGENT OF JET BLUE AIRPORT AGENT,<br><br>Defendants. | CASE NO. 2:10-CV-01186-GMN-RJJ |

**ORDER GRANTING DEFENDANT JETBLUE AIRWAYS CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

On September 27, 2013, a hearing was held in which this Court considered Defendant JetBlue Airways Corporation's (incorrectly named as Jet Blue Airlines Corporation in caption) Motion for Summary Judgment (Document #40). William Helfand, Esq. appeared on behalf of Plaintiff, Thomas Dillard, Esq. appeared on behalf of Las Vegas Metropolitan Police Department,

et al., and Carol Michel, Esq. appeared on behalf of JetBlue Airways Corporation ("JetBlue").

Having carefully considered the facts of this case, the current state of the evidence, all the pleadings and papers on file, including JetBlue's Motion (Document #40), Plaintiff's Opposition thereto (Document #46), JetBlue's Reply (Document #51), both of Plaintiff's supplemental responses (Documents #54 and 65), both of JetBlue's Responses to Plaintiff's supplemental responses (Documents #61 and 68), all submissions of the parties and the oral arguments presented by counsel at the hearing, all of which are expressly incorporated herein,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant JetBlue Airways Corporation's Motion for Summary Judgment is **GRANTED** in full upon the following findings of fact and conclusions of law:

Plaintiff filed suit against JetBlue Airways Corporation (incorrectly named in Complaint) on July 19, 2010 and alleged both federal and state claims for relief. Plaintiff alleged that she was subjected to unreasonable search and seizure and false arrest and imprisonment following an incident on a JetBlue Airways ("JetBlue") flight from New York to Las Vegas. Plaintiff also alleged that JetBlue and LVMPD violated her constitutional rights under 42 U.S.C. § 1983, committed civil conspiracy, and were negligent.

JetBlue moved for summary judgment on all claims alleged against it based on its position that Plaintiff's state claims are preempted by federal law, there is no evidence that it was acting under color of state law, and there is no evidence of conspiracy between JetBlue and any of the Defendants. Additionally, JetBlue moved for summary judgment as to Plaintiff's state law claims on grounds that there is no genuine issue of material fact sufficient to support a claim for false arrest or false imprisonment by JetBlue and further that she cannot establish one or more essential elements of her claim for Negligence.

Having reviewed and considered the submissions of the parties and heard the argument of counsel, the Court hereby FINDS:

JetBlue is a private commercial air carrier that provides daily domestic and international service to the public. On July 26, 2008, Plaintiff boarded JetBlue Flight 195 from John F. Kennedy Airport to McCarran International Airport in Las Vegas. During the flight, an altercation

occurred between two other passengers seated a few rows in front of Plaintiff regarding a crying child. At some point during the dispute, a flight attendant believed she witnessed Plaintiff taking pictures or video of the forward bulkhead area where the cockpit entrance is located during a crew break. JetBlue's flight and cabin crew became concerned regarding the nature of the pictures and/or video. As a result, a flight attendant questioned Plaintiff regarding her pictures; however, Plaintiff refused to cooperate with the flight attendant and engaged in behavior that distracted the flight attendant from her duties. Despite the crew's efforts to resolve the situation, Plaintiff became agitated, disruptive and refused to follow flight attendant instruction. Plaintiff's conduct onboard the flight was interfering with the flight attendant in the performance of her duties aboard the in-flight aircraft. Thus, Plaintiff was given a notice by JetBlue while still on the aircraft that she had violated federal law including Title 14, CFR §91.11, by interfering with a crewmember in the performance of the crewmember's duties aboard an aircraft being operated.

The pilot in command of Flight 195 was JetBlue Captain Stephen Matthews. Captain Matthews was informed of the interactions with Plaintiff by the flight attendants. In connection therewith, Captain Matthews conferred with BlueWatch (JetBlue's corporate security entity) and gave instructions to the flight attendant about dealing with Plaintiff. Ultimately, pursuant to the authority vested in him by the Federal Aviation Act part 91.3, the Captain made the decision to send an in-flight alert to Dispatch/Blue Watch requesting that authorities meet the plane upon arrival to sort out the situation.

Upon the arrival of Flight 195 at McCarran International Airport, authorities, including uniformed officers of the Las Vegas Metropolitan Police Department, Officers Ankeny and Rodriguez-Gallardo, boarded the plane and a flight attendant identified Plaintiff. There was no discussion between the officers and the flight crew other than that for identification purposes. The officers asked Plaintiff to step off the plane and discuss the incident with them. Plaintiff complied and was escorted to an open area of the terminal where she was questioned regarding the events leading up to that point. At no time did any of the flight attendants touch Plaintiff. Plaintiff identified herself and explained the circumstances involving her use of her digital camera during the flight. The officers then viewed the pictures from the camera viewer. They saw no security

problem with the pictures. Officer Ankeny then explained to her that no criminal act has occurred and the officers were finished with their business. The officers smelled alcohol from her but did not believe it gave rise to a concern due to her intoxication level. Officer Ankeny told her if she had a problem with JetBlue she could take it up with them and their office is in the baggage area. Plaintiff however became upset and she stated she wanted a written report of the whole incident.

The officers reiterated to her that there was no crime to report and so no report to write and give to her. They told her she was again free to go and invited her please to do so. Plaintiff did not do so and made adamant demands. Officer Ankeny told her she needed to now leave because she was causing a disturbance, using foul language and attracting the attention of other bystanders. He warned her if she continued her behavior that she would be arrested. Officer Rodriquez-Gallar begged her to leave and told her she did nothing wrong. Plaintiff disregarded the warning, remained loud and told the officers to arrest her because she was not leaving. Officer Ankeny then walked up to her, told her to place her arms behind her back, which she did, and placed her in handcuffs. He took her into custody for failure to follow the Airport rule for disturbing the peace.

Officer Ankeny then escorted Plaintiff down the jetbridge and down the stairs to the tarmac where he had parked his assigned police truck. Officer Ankeny drove her to the LVMPD Airport Substation. Officer Ankeny took her inside and had her sit on a bench and secured the cuffs to a hook on the bench. Plaintiff had told Officer Ankeny that her husband was coming to pick her up. Officer Ankeny was then able to make contact with Mr. Michael Parver and directed him to their location. Mr. Parver came to the substation and Officer Ankeny explained to him the situation. Officer Ankeny at that point exercised his discretion to un-arrest her. Plaintiff was then released to the custody of her husband and the two of them left together.

Federal Law Field Preemption:

The Court finds that the material facts in this case surrounding Plaintiff's actions on JetBlue Flight 195, from which her claims against JetBlue arise, were indisputably an issue of airline flight safety. All of the events alleged against JetBlue occurred while Flight 195 was in the air, while the FAA regulations were the sole and exclusive law governing the parties. The doctrine of federal preemption is grounded in the Supremacy Clause of the United States Constitution. *See* U.S.

Const., Art. VI, cl. 2. Under that clause, Congress has the power to preempt state law, if it so intends. *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 108 (1992). Field preemption occurs when Congress has regulated an area in such a wide-ranging, pervasive way that a court can reasonably infer that Congress intended to occupy this area of law exclusively, and, therefore, state statutory and common law cannot apply. *See Wisconsin Public Intervenor v. Mortier*, 501 U.S. 597, 597-98 (1991).

The Court in *Montalvo v. Spirit Airlines*, 508 F.3d 464, 468 (9th Cir. 2007), held that federal law generally establishes the applicable standards of care in the field of aviation safety and that Congress intended to occupy the field of aviation safety as evidenced by the FAA's purpose, language, and history surrounding its enactment, as well as accompanying federal regulations. *See also Martin ex rel. Heckman v. Midwest Express Holdings, Inc.*, 555 F.3d 806, 808 (9th Cir. 2009).

Plaintiff's actions while aboard the JetBlue flight were regulated exclusively by the FAA regulations because the FAA has pervasively regulated the area of in-flight safety events with specificity. Title 14 of the Code of Federal Regulations, Part 91.3b states that the pilot in command is responsible for and is the *"final authority"* as to an aircraft being operated. Based on this regulation, the pilot is given the ultimate authority to decide how to handle any kind of in-flight disturbances that occur aboard his aircraft, including the decision to alert authorities on the ground. Captain Matthews was acting within his authority under this regulation when he decided to have authorities meet the aircraft upon arrival in Las Vegas.

Further, Title 14, CFR Part 91.11 states that "no person may assault, threaten, intimidate, *or interfere* with a crew member in the performance of the crew member's duties aboard an aircraft being operated" (emphasis added). Pursuant to this regulation, which has an obvious relationship to flight safety, any actions by a person that in any way interfere with the flight attendants attending to their assigned duties on-board an aircraft are prohibited. The specific action or legality of the action is immaterial. Plaintiff was clearly violating this regulation when she interfered with the crew aboard JetBlue Flight 195 by being uncooperative and disruptive.

These regulations clearly govern all events that occurred during the flight, thus, the Federal Aviation Act is the applicable law in this case, not state law. Because federal law has completely

occupied the field, under *Montalvo v. Spirit Airlines,* 508 F.3d 464, 468 (9th Cir. 2007) and *Martin ex rel. Heckman v. Midwest Express Holdings, Inc.,* 555 F.3d 806, 808 (9th Cir. 2009), state law is preempted. Therefore, summary judgment is warranted in favor of JetBlue on all state claims alleged by Plaintiff because her conduct violated federal law as noted above. JetBlue's motion for summary judgment is GRANTED.

<u>42 U.S.C. § 1983 Claim:</u>

To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation . . . *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999)(emphasis in original). For a private party to be considered a state actor, one of three conditions must be met: (1) the state has coerced or at least significantly encouraged the action alleged to violate the Constitution (the state compulsion test); (2) the private party performed a public function that was traditionally the exclusive prerogative of the state (the public function test); or (3) the state had so far insinuated itself into a position of interdependence with the private party that it was a joint participant in the enterprise (the nexus/joint action test)."). "Merely private conduct, however wrongful or discriminatory, is not actionable under § 1983." *Id.* at 1272.

Plaintiff does not allege that JetBlue was representing the State in any governmental capacity or was acting in any way other than as a private company operating its business when it notified the authorities of Plaintiff's actions. Further, private citizens and/or private companies do not transform themselves into state actors simply by alerting the police, filing a police report, or participating in court proceedings.

While the Court recognizes Plaintiff's argument that JetBlue was acting under color of state law and in collusion with LVMPD due to the language on the notice she was given stating that her actions could be punishable by law, the Court finds this argument unpersuasive based on the nature of the notice, the lack of evidence of significant interaction between any JetBlue and LVMPD officers and JetBlue operating as a private airline carrier, not associated with the state in any capacity. There is no evidence in this case that JetBlue was acting under color of state law or was in any way a government actor. Therefore, JetBlue's motion for summary judgment as to

Plaintiff's 42 U.S.C. § 1983 claim is hereby GRANTED.

<u>Conspiracy:</u>

An actionable civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage. *Consolidated Generator-Nevada, Inc. v. Cummins Engine Co.,* 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998). To prevail in a civil conspiracy action, a plaintiff must prove an agreement between the tortfeasors, whether explicit or tacit. *GES, Inc. v. Corbitt,* 17 Nev. 265, 270–71, 21 P.3d 11, 15 (2001). Thus, to establish a claim for civil conspiracy against JetBlue, Plaintiff must prove: (1) the JetBlue crew acted in concert with at least one other party or person, and (2) *intended* to accomplish an unlawful objective for the purpose of harming Plaintiff, which (3) resulted in damages to Plaintiff.

Plaintiff has provided no evidence of the factual support for a civil conspiracy claim. Plaintiff did not testify as to, and has provided no evidence to support, an agreement between any JetBlue employee and any other defendant to intentionally act in concert to achieve an unlawful objective that resulted in damages to Plaintiff. Further, there is no evidence that proves that any JetBlue crew member or employee had any intent to injure Plaintiff. Consequently, there are no genuine issues of material fact showing that there was any kind of conspiracy between a JetBlue employee and any other defendant, thus, JetBlue's Motion for summary judgment on Plaintiff's civil conspiracy claim is GRANTED.

<u>False Imprisonment:</u>

In regard to Plaintiff's false imprisonment and false arrest claims, the Court notes that there was no physical contact between any JetBlue employee and Plaintiff and Plaintiff was never restrained by JetBlue. At no point in time did JetBlue ever intentionally force Plaintiff to remain on the aircraft against her will. Once Plaintiff was escorted off the aircraft by the police officers, she was under the direction and control of the Las Vegas Metropolitan Police not JetBlue. Further, Plaintiff's later being taken into custody was based purely on her refusal to leave the airport as instructed by the Las Vegas Metropolitan Police, not any factor involving JetBlue. There are no genuine issues of material fact as to Plaintiff's false arrest and false imprisonment claims against

JetBlue, therefore, JetBlue's motion is GRANTED and those claims are summarily dismissed in favor of JetBlue.

<u>Negligence</u>:

Summary judgment is also warranted for Plaintiff's negligence claim against JetBlue on the grounds that Plaintiff cannot establish one or more essential elements of her claim. Plaintiff cannot show a duty to her was breached inasmuch as the duty owed in this instance is that governed by the FAA which this Court has already found preempted the field for claims of this nature. Further, Plaintiff cannot show any injury in support of her negligence claim because there is no evidence she was ever touched by JetBlue and any alleged mental distress unaccompanied by a touching is of insufficient severity to support the claim.

The Court having found in JetBlue's favor as to all claims, the Court directs that Summary Judgment be entered in favor of JetBlue and Plaintiff's complaint be dismissed as to JetBlue.

**IT IS SO ORDERED** this 17th day of October, 2013.

_____
Gloria M. Navarro
United States District Judge

Submitted by:

/s/ Carol P. Michel
D. Lee Roberts, Jr. Esq.
Nevada Bar No. 8877
Carol P. Michel, Esq.
Nevada Bar No. 11420
Weinberg, Wheeler, Hudgins,
   Gunn & Dial, LLC
6385 S. Rainbow Blvd. Suite 400
Las Vegas, NV  89118
Telephone:  (702) 938-3838
Facsimile:  (702) 938-3864

*Attorneys for Defendant*
*JetBlue Airways Corporation*