**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARILYN PARVER,                                   )<br>                                                                  )<br>           Plaintiff,                                         )<br>vs.                                                              )<br>                                                                  )<br>JET BLUE AIRLINES CORPORATION;      )<br>CITY OF LAS VEGAS; LAS VEGAS             )<br>METROPOLITAN POLICE DEPARTMENT; )<br>OFFICER MAURICE RODRIGUEZ-              )<br>GALLAR of the City of Las Vegas, OFFICER )<br>JOHNATHON ANKENY of the City of Las    )<br>Vegas; FAWN DOE, of Jet Blue Airlines        )<br>Flight No. 129; JOHN DOE, of Jet Blue        )<br>Airlines Flight No. 129; DISPATCHER DOE )<br>of Jet Blue; A LAS VEGAS AIRPORT            )<br>AGENT of Jet Blue Airport Agent,               )<br>                                                                  )<br>           Defendants.                                     )<br>                                                                  ) | Case No.: 2:10-cv-01186-GMN-PAL<br><br>**ORDER** |

Pending before the Court is the Joint Motion for Rule 54(b) Certification (ECF No. 96) filed on March 11, 2014 by Plaintiff Marilyn Parver ("Plaintiff") and Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Officer Maurice Rodriguez-Gallar ("Officer Rodriguez-Gallar"), and Officer Johnathon Ankeny ("Officer Ankeny") (collectively, the "LVMPD Defendants").  Defendant JetBlue Airways Corporation, incorrectly named as JET BLUE AIRLINES CORPORATION, ("JetBlue") filed its Notice of Non-Opposition to the Joint Motion (ECF No. 97) on March 28, 2014.

On October 17, 2013, the Court entered Orders (ECF Nos. 79, 82) granting summary judgment to Defendants for all claims alleged in Plaintiff's Amended Complaint (ECF No. 10) except for Plaintiff's 42 U.S.C. § 1983 claim against Officer Ankeny in his individual capacity

for alleged use of unreasonable force in making a lawful arrest.  That remaining claim was dismissed without prejudice by Stipulation (ECF No. 92) pending appeal to the U.S. Court of Appeals for the Ninth Circuit on this Court's granting of summary judgment against Plaintiff's other claims against the LVMPD Defendants.  The parties have agreed that should the Ninth Circuit reverse this Court's Order (ECF No. 79) granting partial summary judgment to the LVMPD Defendants, then Plaintiff shall have leave to refile the claim dismissed without prejudice, enabling all claims to be addressed in a single trial. (ECF No. 92.)

       Federal Rule of Civil Procedure 54(b) permits this Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).  Rule 54(b) certification is proper if it will aid in the "expeditious decision" of a case. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993) (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991)).  "However, Rule 54(b) certification is scrutinized to prevent piecemeal appeals in cases which should be reviewed only as single units." *Id.* (citations omitted).

       In this case, not only is there no just reason for delay, but because of the structure of the parties' stipulation, this case may not proceed without Rule 54(b) certification.  Certification will allow the case to continue on toward a final resolution of all claims and will not cause piecemeal litigation.  Depending on the decision of the Ninth Circuit on appeal, this case will either be resolved with a single trial or with no trial at all.  Furthermore, the facts and legal issues on the claims being certified relating to whether probable cause existed to arrest Plaintiff for obstruction are distinct from the factual and legal disputes involved in whether Officer Ankeny used excessive force in affecting the arrest.  The factual basis for the arrest relied exclusively on events and conduct prior to the alleged use of force.  Therefore, adjudication of the non-certified use of force claim during a jury trial will not give rise to issues for an appeal of the whole litigation.

Accordingly,

**IT IS HEREBY ORDERED** that the Joint Motion for Rule 54(b) Certification (ECF No. 96) is **GRANTED**. There being no just reason for delay, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk shall enter final judgment on all claims adjudicated in Orders (ECF Nos. 79, 82.)

**DATED** this __2__ day of April, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge